IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHRIS ANDRE FAIRLEY**                                  **PETITIONER**

**v.**                              **Civil No. 1:21-cv-277-HSO-RHWR**

**BURL CAIN**                                            **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the [9] Motion to Dismiss filed by Respondent Burl Cain. Petitioner Chris Andrew Fairley has filed a [13] Response. After due consideration of the Motion, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends granting the [9] Motion to Dismiss and dismissing Petitioner Chris Andrew Fairley's Writ of Habeas Corpus with prejudice. To the extent Petitioner raises a new claim for ineffective assistance of counsel, in his Response to the Motion, the undersigned recommends dismissing it without prejudice for failure to exhaust state law remedies. The undersigned further recommends that Petitioner's requests for the appointment of counsel and an evidentiary hearing be denied.

### I. BACKGROUND

On or about March 8, 2017, Petitioner Chris Andrew Fairley ("Petitioner" or "Fairley") was found guilty by a jury in the Circuit Court of Harrison County, Mississippi, Second Judicial District, on one count of deliberate design murder in violation of Mississippi Code § 97-3-19(1)(a). *See* R. [10-3] at 131; *see also Fairley v. State*, 251 So.3d 761, 763 (Miss Ct. App. 2018). The court sentenced Fairley to serve

a term of life imprisonment in the custody of the Mississippi Department of Corrections. *See* R. [10-3] at 131.

Fairley moved for a new trial or acquittal notwithstanding the verdict, *see id*. at 133-35, but his motion was denied on April 6, 2017, *see id*. at 139. Fairley appealed, *see id*. at 141, and the Mississippi Court of Appeals affirmed his conviction and sentence on April 10, 2018, *see* Ex. "A" [9-1] at 1-4; *Fairley*, 251 So.3d at 766. Fairley did not move for a re-hearing. *See* Miss. R. App. P. 17(b) ("[a] party seeking review of a judgment of the Court of Appeals must first seek review of that court's decision by filing a motion for rehearing in the Court of Appeals").

Almost a year and a half later, on September 4, 2019, Fairley signed a motion for post-conviction relief ("PCR motion") that was filed with the Mississippi Supreme Court on September 9, 2019. *See* R. [10-8] at 5-36. The Mississippi Supreme Court denied that PCR motion on September 19, 2019. *See id*. at 3.

On August 18, 2021, Petitioner signed a Petition [1] under 28 U.S.C. § 2254, seeking a writ of habeas corpus from this Court, which was filed of record on August 23, 2021. Pet. [1] at 1-15. Petitioner subsequently signed an Amended Petition [6] on October 27, 2021, which was filed of record on October 29, 2021. Petitioner asserts two grounds for relief. As one ground, Petitioner argues that the trial court violated his Sixth Amendment right to confront the witnesses against him by allowing a pathology expert to testify who did not conduct the autopsy of the deceased. As ground two, Petitioner maintains that the evidence supported, at most, manslaughter, not deliberate design murder.

Respondent Burl Cain filed a [9] Motion to Dismiss, arguing that Petitioner's claims should be dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d). *See* Mot. [9] at 6-7. Petitioner failed to timely respond, and the Court entered an Order requiring a response. Order [11]. Petitioner subsequently filed a Response arguing that he received ineffective appellate counsel and that the legal system and staff at South Mississippi Correctional Institute impeded his ability to seek post-conviction relief. Resp. [13] at 3-6. Petitioner also requested the appointment of counsel and an evidentiary hearing. *Id*. at 6.

## II. DISCUSSION

**A.   Petitioner's Petition for Writ of Habeas Corpus is Time-Barred.**

a. Relevant Legal Authority

28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This statute is construed as a statute of limitations, and not a jurisdictional bar, such that it can be tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Section 2244(d) provides for statutory tolling in that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, "[a]s the text of § 2244(d)(2) provides, a state post-conviction application triggers statutory tolling only if it is 'properly filed' and only while it remains 'pending.'" *Leonard v. Deville*, 949 F.3d 187, 190 (5th Cir. 2020) (quoting 28 U.S.C. § 2244(d)(2)). The statute of limitations can also be equitably tolled, but equitable tolling turns on the facts and circumstances of each particular case and is "available only in rare and exceptional circumstances." *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quotation omitted).

    b. <u>Analysis</u>

    1. *<u>Statute of Limitations</u>*

The Mississippi Court of Appeals affirmed Petitioner's conviction and sentence on April 10, 2018. *See Fairley*, 251 So.3d at 766. Because Petitioner did not file a motion for rehearing in the Mississippi Court of Appeals, the conclusion of direct

review occurred upon the expiration of the 14-day period for seeking such review.[1] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *see also* Miss. R. App. P. 40(a). Therefore, Petitioner's state-court conviction became final on April 24, 2018. *See Roberts,* 319 F.3d at 694; *see also* 28 U.S.C. § 2244(d)(1)(A). Any § 2254 petition he wished to file was therefore due on or before April 24, 2019. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner did not sign his [1] Petition until August 18, 2021, it was untimely, *see id.*, unless he can demonstrate grounds for tolling the statute of limitations.

2. *Statutory Tolling*

Petitioner is not entitled to statutory tolling because he did not "properly file" an application for state post-conviction or other collateral review before the statute of limitations expired on April 24, 2019. *See* 28 U.S.C. § 2244(d)(2). He did not file his PCR motion in state court until September 9, 2019, after the statute of limitations had expired. Therefore, statutory tolling under 28 U.S.C. § 2244(d)(2) is unavailable. *See, e.g., Hebrard v. Day*, 232 F.3d 208, 2000 WL 1272966, at *1 (5th Cir. 2000) (per curiam). Unless equitable tolling applies, Petitioner's Petition is time-barred.

3. *Equitable Tolling*

For equitable tolling to apply, a petitioner bears the burden of proof to demonstrate "rare and exceptional circumstances" warranting its

---

[1] Petitioner alleges that he filed a motion for reconsideration. S*ee* Pet. [1] at 3; *see also* Am. Pet. [6] at 7. Following a thorough review of the record, no evidence suggests such a motion has ever been filed. Nor has Petitioner provided any evidence to support this assertion. Nonetheless, Petitioner suggests that he filled the motion on April 18, 2018, which would have been after the fourteen-day period for seeking such review. Moreover, Mississippi Rule of Appellate Procedure 17(b) requires a review of a court of appeals decision to be sought through a motion for rehearing and not a motion for reconsideration.

application. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling is available if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). Diligence is defined as "reasonable diligence, not maximum feasible diligence." *Id.* at 653 (quotation omitted). With respect to the extraordinary circumstances requirement, any delays must result from external factors beyond the petitioner's control, and not from delays of his own making. *See Jackson*, 933 F.3d at 410.

In this case, Petitioner did not sign his [1] Petition until over two years after his state-court conviction became final, and almost eight months after the statute of limitations expired. Nor did Petitioner sign his PCR motion until over a year after his conviction became final. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence"). Based on the facts and circumstances of the present case, Petitioner has not shown the diligent pursuit of his rights required to warrant equitable tolling.

Even assuming arguendo that Petitioner had diligently pursued his rights, he has failed to establish the existence of any "rare and exceptional" circumstances. In his Response, Petitioner appears to suggest the presence of two exceptional

6

circumstances. First, Petitioner suggests that his appellate counsel was ineffective in that she allegedly failed to advise him of his right to file a motion for rehearing with the Mississippi Court of Appeals or seek review by the Mississippi or United States Supreme Courts. *See* Resp. [13] at 5. Because it does not appear that Petitioner has previously raised an ineffective assistance of counsel allegation, the Court will address it in a separate section. *See infra* Section II.B.

Petitioner next suggests that the allegedly inadequate legal system and staff at South Mississippi Correctional Institute present extraordinary circumstances that acted as an impediment to his ability to diligently pursue his rights and forced him to rely on a fellow inmate to draft his writ. *See id.* at 5-6; *see also* Am. Pet. [6] at 6 (stating that he lacks the "legal knowledge or access to legal assistance at SMCI"). However, it is well settled that "[n]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quotation omitted). Nor is proceeding pro se a "rare and exceptional" circumstance because "it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Thus, Petitioner has not shown that equitable tolling should be applied on this basis.

Based upon the foregoing, Petitioner has not shown the diligent pursuit of his rights, or that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Nor has Petitioner demonstrated the existence of any "rare and exceptional circumstances" warranting the application of

equitable tolling. *See Alexander*, 294 F.3d at 629. Accordingly, Petitioner's Petition is time-barred and the undersigned recommends its dismissal.

**B. Petitioner has not Exhausted the Remedies Available to Him Under Mississippi Law regarding his Ineffective Assistance of Counsel Claim.**

    a. Relevant Legal Authority

"[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003) (quoting *Orman v. Cain*, 228 F.3d 616, 619–20 (5th Cir. 2000)). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest [state] court." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (quoting *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)). "Fair presentation does not entertain presenting claims 'for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor.'" *Carty v. Thaler*, 583 F.3d 244, 254 (5th Cir. 2009) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

    b. Analysis

Liberally construed, Petitioner's Response raises an ineffective assistance of counsel claim. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir.1995) ("[W]e liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel . . ."). Specifically, Petitioner argues that his appellate counsel failed to advise him of the option to seek rehearing in the Mississippi Court of Appeals, review by the Mississippi Supreme Court, or

8

review by the United States Supreme Court through a writ of certiorari. *See* Resp. [13] at 5.

Based on a review of the record, it appears that this is the first instance in which Petitioner has raised an ineffective assistance of counsel claim. Because Petitioner has not properly presented this claim to the highest state court, he has yet to exhaust those remedies available to him under Mississippi law. Thus, the Court finds that the ineffective assistance of counsel claim was not "fairly presented to the courts of the state of Mississippi. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (noting that fair presentation "requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'"). Thus, this claim is not proper for federal habeas review.

To the extent Petitioner's argument may be liberally construed as asserting a fundamental miscarriage of justice, it is likewise insufficient. The fundamental miscarriage of justice excuse to the rule "that state procedural default bars federal habeas review is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) (citing *Coleman v. Thomp*son, 501 U.S. 722, 757 (1991)). In this case, Petitioner does not attempt to claim actual innocence. Instead, he argues that he should have been found guilty of a lesser included murder offense. *See* Pet. [1] at 4, *see also* Am. Pet. [6] at 2,7. Thus, Petitioner plainly fails to make a persuasive showing of actual innocence. Therefore, the undersigned recommends that to the extent Petitioner's Response may be liberally construed as asserting an ineffective

assistance of counsel claim, that claim should be denied for failure to exhaust state law remedies.

**C.      Petitioner's Request for the Appointment of Counsel.**

In his Response, Petitioner asks the Court to appoint counsel for him. Resp. [13] at 6. "Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief" under § 2254. 18 U.S.C. § 3006A(a)(2)(B).

In this case, Petitioner first requested counsel in his untimely pro se Response [13] to Respondent's Motion to Dismiss. The issues, in this case, are simple and straightforward. And Petitioner has not shown that the interests of justice require the appointment of counsel under the facts and circumstances of this case. *See* 18 U.S.C. § 3006A(a)(2)(B). Therefore, the undersigned recommends that Petitioner's request to appoint counsel be denied.

**D.      Petitioner's Request for an Evidentiary Hearing.**

Petitioner also asks the Court to conduct an evidentiary hearing. Am. Pet. [6] at 15; Resp. [13] at 6. Rule 8(a) of the Rules Governing Section 2254 Proceedings provides that if a petition is not dismissed, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a) of Rules Governing Section 2254 Proceedings. Pursuant to 28 U.S.C. § 2254(e)(2),

> [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

10

>  (A) the claim relies on--
>  > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>  > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>  (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

In this case, Petitioner has not shown that the Court has discretion to grant an evidentiary hearing, or that oral argument is warranted. Petitioner has not argued or shown that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Nor has he shown the existence of a factual predicate that could not have been previously discovered through the exercise of due diligence. *See* 28 U.S.C. § 2254(e)(2). Finally, Petitioner has not shown that the facts underlying his claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. *See id.* Therefore, the undersigned recommends that Petitioner's request for an evidentiary hearing be denied.

### III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends granting the [9] Motion to Dismiss and dismissing Petitioner Chris Andrew Fairley's Writ of Habeas Corpus with prejudice. To the extent Petitioner raises a new claim for ineffective assistance of counsel, in his Response to the Motion, the undersigned recommends dismissing it without prejudice for failure to exhaust state law remedies. The undersigned further recommends that Petitioner's requests for the appointment of counsel and an evidentiary hearing be denied.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which

he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    **SIGNED,** this the 23rd day of June 2022.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE