IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRIS ANDRE FAIRLEY** § | | **PETITIONER** |
| § | | |
| v.  § | | Civil No. 1:21-cv-277-HSO-RHWR |
| § | | |
| **BURL CAIN** § | | **RESPONDENT** |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14] AND DISMISSING CASE

BEFORE THE COURT is United States Magistrate Judge Robert H. Walker's Report and Recommendation [14], which recommends dismissing Petitioner Chris Andre Fairley's Petition [1] for Writ of Habeas Corpus with prejudice, and dismissing his new claim for ineffective assistance of counsel without prejudice for failure to exhaust. R. & R. [14] at 1. The Magistrate Judge further recommends denying Petitioner's requests for appointment of counsel and an evidentiary hearing. Petitioner has not objected to the Report and Recommendation [14], and the time for doing so has passed.

After due consideration of the Report and Recommendation [14], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [14] should be adopted as the finding of this Court, that Petitioner's Petition [1] forWrit of Habeas Corpus should be dismissed with

prejudice, and that his claim for ineffective assistance of counsel should be dismissed without prejudice. Additionally, his requests for the appointment of counsel and an evidentiary hearing should be denied.

## I. BACKGROUND

A.  Factual background

On March 8, 2017, Petitioner Chris Andrew Fairley ("Petitioner" or "Fairley") was found guilty by a jury in the Circuit Court of Harrison County, Mississippi, Second Judicial District, on one count of deliberate design murder in violation of Mississippi Code § 97-3-19(1)(a). *See* Ex. [9-1]. The court sentenced Fairley to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. *Id.* at 1.

Fairley moved for a new trial or acquittal notwithstanding the verdict, but his motion was denied on April 6, 2017. R. [10-3] at 139. Fairley appealed, and the Mississippi Court of Appeals affirmed his conviction and sentence on April 10, 2018. Ex. [9-1] at 1-4. Fairley did not move for rehearing. *See* R. [10-3]; Miss. R. App. P. 17(b) ("[a] party seeking review of a judgment of the Court of Appeals must first seek review of that court's decision by filing a motion for rehearing in the Court of Appeals"). On September 4, 2019, Fairley signed a motion for post-conviction relief, which the Mississippi Supreme Court filed of record on September 9, 2019. *See* R. [10-8] at 5-36. The Mississippi Supreme Court denied that motion on September 19, 2019. *Id.* at 3.

B. <u>Procedural history</u>

On August 23, 2021, Petitioner filed a Petition [1] for Writ of Habeas Corpus, which he subsequently amended on October 29, 2021, alleging that the evidence against him supported a conviction for manslaughter rather than murder, and that the trial court violated his Sixth Amendment confrontation right by allowing testimony of a pathology expert who did not conduct the autopsy of the deceased. *See* Pet. [1]; Amend. Pet. [6]. Respondent filed a Motion [9] to Dismiss, arguing that Petitioner's claims should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). Mot. [9] at 6-7. Petitioner argued in his Response [13] that he received ineffective appellate counsel, and he requested the appointment of counsel and an evidentiary hearing. Resp. [13] at 6.

On June 23, 2022, United States Magistrate Judge Robert H. Walker entered a Report and Recommendation [14] recommending that Respondent's Motion [9] to Dismiss should be granted, that Petitioner's Petition [1] for Writ of Habeas Corpus should be dismissed with prejudice, and that Petitioner's claim for ineffective assistance of counsel should be dismissed without prejudice for failure to exhaust state-law remedies. *See* R. & R. [14] at 1. The Magistrate Judge further recommended that Petitioner's requests for the appointment of counsel and an evidentiary hearing should be denied. *Id.* Petitioner has not filed an objection to the Report and Recommendation [14], and the time for doing so has passed. *See* L.U. Civ. R. 72(a)(3).

## II.  DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Report and Recommendation [14] is neither clearly erroneous nor contrary to law.  The Court will adopt the Magistrate Judge's Report and Recommendation [14] as the opinion of this Court. As such, Defendant's Motion will be granted, Petitioner's Petition [1] for Writ of Habeas Corpus will be dismissed with prejudice, and his claim of ineffective assistance of counsel will be dismissed without prejudice. *See* R. & R. [14] at 1. Additionally, Petitioner's requests for the appointment of counsel and an evidentiary hearing will be denied. *Id.*

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [14] of United States Magistrate Judge Robert H. Walker entered in this case on June 23, 2022, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Burl Cain's Motion [9] to Dismiss is **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Chris Andre Fairley's Petition [1] for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** and his claim of ineffective assistance of counsel is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state remedies. Petitioner's requests for appointment of counsel and an evidentiary hearing are **DENIED**. A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 27th day of July, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE